# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ENERGY POLICY ADVOCATES | ) | |
| 170 S. Lincoln Street | ) | |
| Suite 150 | ) | |
| Spokane, WA 99201 | ) | |
|         Plaintiff, | ) | |
|     v. | ) | Case No. 1:23-cv-1142 |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF ENERGY | ) | |
| 1000 Independence Avenue, S.W. | ) | |
| Washington, D.C. 20585 | ) | |
| | ) | |
|       Defendant. | ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff ENERGY POLICY ADVOCATES ("EPA") for its complaint against Defendant U.S.

DEPARTMENT OF ENERGY ("DoE"), alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*.

   for declaratory, injunctive, and other relief, seeking immediate processing and release of

   agency records responsive to two FOIA requests.

2. This action is filed following the DOE's failure to comply with the express terms of

   FOIA, including but not limited to its failure to provide any "determination" or timely

   substantive response to the requests at issue.

3. The DOE's failure to comply with FOIA includes, but is not limited to, the agency's

   failure to, e.g., fulfill its obligation to make a "determination" as that term is defined in

   *Citizens for Responsible Ethics in Washington v. Federal Election Commission*, 711 F.3d

   180, 816 (D.C. Cir. 2013), its failure to substantively or properly respond to Plaintiff's

requests, and its constructive or actual withholding of responsive information and/or documents in violation of Defendant's obligations.

## PARTIES

4. Plaintiff Energy Policy Advocates ("EPA") is a non-profit organization incorporated in the State of Washington and dedicated to transparency and open government. Energy Policy Advocates uses state and federal open records laws to inform the public on the operations of government including private influences on government policymaking and other actions.

5. Defendant United States Department of Energy ("DOE") is an Executive Branch agency of the United States, and it has possession and control over the records that Plaintiff seeks.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

7. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

8. EPA is not required to further pursue administrative remedies before seeking relief in this Court because Defendant neither produced records nor made a timely "determination" as that term is defined in *Citizens for Responsibility & Ethics in Wash. v. Federal Election Commission*, 711 F.3d 180, 188 (D.C. Cir. 2013), in response to either request at issue here. See also, e.g., *Citizens for Responsibility & Ethics in Wash. v. U.S. Dept. of Justice*, 436 F. Supp. 3d 354, 359 (D.D.C. 2020) (citing various other cases and holding that the statutory text of FOIA relieves similarly situated plaintiffs of any exhaustion requirement).

## ENERGY POLICY ADVOCATES' FOIA REQUESTS

9. On January 26, 2023, Plaintiff submitted by email a request to Defendant seeking copies of certain described non-email electronic correspondence over an approximately four-month

period of time for three senior DOE officials which correspondence is with or mentions officials of various outside entities including electricity reliability and/or lobby groups.

10. To date, Defendant has neither acknowledged this request nor provided any determination with respect to this request. Nor has Defendant produced records responsive to this request.

11. On January 27, 2023, Plaintiff submitted by email a request to Defendant seeking copies of certain described Email correspondence over an approximately four-month period of time for three senior DOE officials which correspondence is with or mentions the email domains of various outside entities including environmentalist and/or lobby groups.

12. DOE acknowledged this request on January 31, 2023, and assigned it tracking number HQ-2023-00494-F.

13. The FOIA provides that a requesting party is entitled to a substantive agency response within twenty working days, including a determination of whether the agency intends to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Within that deadline, the agency must also "determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents," and "inform the requester that it can appeal whatever portion of" the agency's "determination" is adverse to the requestor. *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013).

14. 5 U.S.C. § 552(a)(6)(A) prescribes that the 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester, 5 U.S.C. § 552(a)(6)(A)(ii)(I), and agencies may also toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment. 5

U.S.C. § 52(a)(6)(A)(ii) (II). In either case, the agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period.

15. Neither of the aforementioned circumstances in which an agency may extend or toll FOIA's applicable deadlines apply to the facts of this matter.

16. DoE owed Plaintiff a "*CREW*" response to its requests, including "determinations" as that term is defined in *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013), on or about February 26, 2023 and February 27, 2023 (respectively). DoE has provided no substantive response or "determination" with respect to either of the requests as that term is defined in the Freedom of Information Act and as the D.C. Circuit explained was the obligation of every agency in *CREW v. Federal Election Commission*, 711 F.3d 180, 188.

17. At no point has DoE provided to Plaintiff any assessment of, e.g., the number of potentially responsive records it was processing pursuant to these requests, or any other required indication it is in fact processing the requests.

18. DoE is now past its statutory period for issuing such a determination on the above-described requests without providing any substantive response to Plaintiff's request.

19. Defendant has yet to produce any records responsive to either request, including HQ-2023-00494-F, and has also otherwise failed to provide any substantive responses.

20. Defendant DoE continues to improperly deny Plaintiff access to agency records in violation of FOIA, and further declines to make the statutorily required "determination" regarding when the Plaintiff might expect to be granted access to the documents it has requested.

### FIRST CLAIM FOR RELIEF
### Duty to Produce Records – Declaratory Judgment

21. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

22. Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business.

23. Plaintiff has a statutory right to the information it seeks, and Defendant has unlawfully withheld the information.

24. Plaintiff is not required to further pursue administrative remedies.

25. Plaintiff asks this Court to enter a judgment declaring that:

    a. Plaintiff is entitled to records responsive to its FOIA requests described above, and any attachments thereto, but Defendant has failed to provide the records;

    b. DOE's processing of Plaintiff's FOIA requests described above is not in accordance with the law, and does not satisfy DOE's obligations under FOIA;

    c. DOE must now produce records responsive to Plaintiff's requests, and must do so without cost to the Plaintiff.

## SECOND CLAIM FOR RELIEF
### Duty to Produce Records – Injunctive Relief

26. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

27. Plaintiff is entitled to injunctive relief compelling Defendant to produce the records responsive to the FOIA requests described herein.

28. Plaintiff asks the Court to enter an injunction ordering Defendant to produce to Plaintiff, within 20 business days of the date of the order, the requested records sought in Plaintiff's FOIA requests described above, and any attachments thereto, at no cost to the Plaintiff.

29. Plaintiff asks the Court to order the Parties to consult regarding withheld documents and to file a status report to the Court within 30 days after Plaintiff receives the last of the produced documents, addressing Defendant's preparation of a *Vaughn* log and a briefing schedule for resolution of remaining issues associated with Plaintiff's challenges to DOE's withholdings, if any, and any other remaining issues.

### THIRD CLAIM FOR RELIEF
### Costs And Fees – Injunctive Relief

30. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

31. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

32. This Court should enter an injunction or other appropriate order requiring the Defendant to pay reasonable attorney's fees and other litigation costs reasonably incurred in this case.

### PRAYER FOR RELIEF

Energy Policy Advocates respectfully requests this Court:

1. Assume jurisdiction in this matter, and maintain jurisdiction until the Defendant complies with FOIA and every order of this Court;

2. Declare Defendant has violated FOIA by failing to provide Plaintiff with the requested records, and/or by failing to notify Plaintiff of final determination within the statutory time limit;

3. Declare that the documents sought by the request, as described in the foregoing paragraphs, are public records under 5 U.S.C. § 552 *et seq.* and must be disclosed;

4. Order Defendant to expeditiously provide the requested records to Plaintiff within 20 business days of the Court's order;

5. Award Plaintiff's attorneys their fees and other litigation costs reasonably incurred pursuant to 5 U.S.C. § 552(a)(4)(E); and

6. Grant such other relief as this Court deems just and proper.

Respectfully submitted this the 25th day of April 2023,

ENERGY POLICY ADVOCATES
By Counsel:

/s/Matthew D. Hardin
Matthew D. Hardin, D.C. Bar No. 1032711
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com